**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Graham Construction Services, Inc., | ) |
| | ) **ORDER DENYING MOTION TO** |
| Plaintiff, | ) **DISMISS AND TRANSFERRING CASE** |
| | ) **TO THE U.S. DISTRICT COURT FOR** |
| vs. | ) **FOR THE EASTERN DISTRICT OF** |
| | ) **MISSOURI** |
| Hammer & Steel, Inc., | ) |
| | ) Case No. 4:11-cv-020 |
| Defendant. | ) |

Before the Court is the Defendant's motion to dismiss filed on April 11, 2011. See Docket No. 10. On May 24, 2011, the Plaintiff filed a response in opposition to the motion. See Docket No. 16. The Defendant filed a reply brief on June 7, 2011. See Docket No. 23. For the reasons set forth below, the Court denies the motion. However, transfer of this case to the United States District Court for the Eastern District of Missouri is appropriate.

**I.    BACKGROUND**

The plaintiff, Graham Construction Services, Inc. ("Graham Construction"), is a Minnesota corporation with its principal place of business in Eagan, Minnesota. The defendant, Hammer & Steel, Inc. ("Hammer & Steel"), is a Missouri corporation with its principal place of business in Hazelwood, Missouri. The parties were involved in a construction project in Parshall, North Dakota known as the Parshall Raw Water Intake Structure project. Industrial Contract Services, Inc. ("Industrial Contract") was the general contractor on the project. On or about October 1, 2009, Industrial Contract and Graham Construction entered into a subcontract where Graham Construction, as subcontractor, was to provide certain work including the construction of a caisson,

which is a shaft for a foundation. To construct the caisson, Graham Construction required specialized drilling equipment.

On or about December 3, 2009, Graham Construction and Hammer & Steel entered into a rental agreement in which Hammer & Steel was to supply and lease drilling equipment, including a Sany Drill Rig, to Graham Construction for the construction of the caisson. The agreement included the following provision:

> **LITIGATION VENUE.** It is hereby agreed that the place of the making of this Rental Agreement shall be deemed to be St. Louis County, Missouri, and that any legal proceedings brought to determine the validity, construction, breach, interpretation or enforcement of the Rental Agreement shall be instituted and maintained in St. Louis County, Missouri.

See Docket No. 10-3 (capitalization and bold in original).

On or about December 12, 2009, Graham Construction began drilling the pilot shaft with a 60-inch auger head that was leased from Hammer & Steel. Upon reaching approximately 115 feet, a component of the drill shaft of the Sany Drill Rig snapped, leaving the auger head approximately 115 feet below the surface of the caisson excavation pit. According to Graham Construction, it made several attempts to retrieve the 60-inch auger head but to no avail. Graham Construction contends that the obstruction forced it to relocate the caisson which resulted in significant expenses and delays.

On February 11, 2011, Graham Construction filed an action in federal district court in the District of North Dakota. See Docket No. 1. On April 11, 2011, Hammer & Steel filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(3), and/or 12(b)(6) of the Federal Rules of Civil Procedure. See Docket No. 10.

## II. STANDARD OF REVIEW

The Eighth Circuit Court of Appeals has recognized "that there is some controversy as to whether Rule 12(b)(3) or 12(b)(6) is the proper vehicle for bringing a motion to dismiss based on improper venue when the issue turns on a forum selection clause in the parties' underlying contract." Rainforest Café, Inc. v. EklecCo, LLC, 340 F.3d 544, 545 n.5 (8th Cir. 2003). However, this need not be addressed since Hammer & Steel moved under both subsections of Rule 12. Id.

Rule 12(b)(3) of the Federal Rules of Civil Procedure requires the dismissal of a claim if the court lacks venue. Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true. "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)). The court may generally only look to the allegations contained in the complaint to make a Rule 12(b)(6) determination. McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

## III. LEGAL DISCUSSION

Hammer & Steel contends that Graham Construction's complaint should be dismissed based on improper venue or, in the alternative, because it fails to state a claim upon which relief can be granted. Graham Construction contends venue is proper or, in the alternative, that if the Court determines the forum selection clause is enforceable, the action should not be dismissed but instead transferred to the United States District Court for the Eastern District of Missouri.

The rental agreement at issue includes both a choice of law and a forum selection provision:

19. **BINDING EFFECT/ENTIRE AGREEMENT.** . . . This agreement will be governed by the laws of the State of Missouri.

. . .

21. **LITIGATION VENUE.** It is hereby agreed that the place of the making of this Rental Agreement shall be deemed to be St. Louis County, Missouri, and that any legal proceedings brought to determine the validity, construction, breach, interpretation or enforcement of the Rental Agreement shall be instituted and maintained in St. Louis County, Missouri.

See Docket No. 10-3 (capitalization and bold in original).

"[E]nforcement, or not, of the contractual forum selection clause [is] a federal court procedural matter governed by federal law." Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 538 (8th Cir. 2009) (plurality opinion). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). A forum selection clause is enforceable unless it "would actually deprive the opposing party of his fair day in court." Id. (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590-95 (1991)).

4

Graham Construction contends it is unreasonable to enforce the forum selection clause because the project was performed in North Dakota, all of the evidence and most witnesses are in North Dakota, and the equipment is still located in North Dakota. Graham Construction further contends the forum selection clause was not negotiated and that the entire contract is void and open to rescission because Graham Construction was fraudulently induced to enter into the rental agreement.

Quint McDermand, a Senior Project Manager for Graham Construction, states in his affidavit that he was involved in negotiating the terms of the rental agreement. McDermand's affidavit further states:

> 2. Graham and Hammer & Steel engaged in negotiations regarding the terms of the Rental Agreement in August 2009. These negotiations were already complete when Graham signed the document that has been submitted to this Court by Hammer & Steel through the Affidavit of Joe Dittmeier.
>
> 3. After Graham and Hammer & Steel had completed their negotiations, Hammer & Steel placed the agreement on Hammer & Steel's preprinted lease form.
>
> 4. On the backside of Hammer & Steel's preprinted lease form were "terms and conditions," which terms had not been negotiated by Graham and Hammer & Steel.
>
> 5. There were no discussions or negotiations between Graham and Hammer & Steel regarding any limitations on warranties or on Hammer & Steel's liability under the Rental Agreement.
>
> 6. Because the front of the equipment rental agreement reflected the terms reached between Graham and Hammer and Steel and because of the urgency to commence drilling on the Project, Graham signed the document presented by Hammer & Steel.

See Docket No. 17.

"A 'forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.'" Marano Enters. of Kan. v. Z-Teca Rests., L.P.,

5

254 F.3d 753, 757 (8th Cir. 2001) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974)) (emphasis in original). General allegations of fraud in the inducement are insufficient to raise an issue that the forum-selection clause may be unenforceable because of fraud. Id. "To set aside a forum selection clause for fraud, the contesting party must allege that the clause was itself a product of fraud, specify facts supporting claims of fraud, or allege that courts in the designated state would be biased or incompetent or unwilling to apply another state's law if applicable." Wells Fargo Fin. Leasing, Inc. v. NCH Healthcare Sys., Inc., 756 F. Supp. 2d 1086, 1098 (S.D. Iowa 2010).

The complaint alleges fraud by asserting that Hammer & Steel fraudulently induced Graham Construction to lease the drilling equipment through false assurances and representations. However, the complaint does not allege that the forum selection clause itself was a product of fraud. Graham Construction's response to Hammer & Steel's motion to dismiss states that Hammer & Steel fraudulently induced Graham Construction to lease the drilling equipment but does not contend the forum selection clause itself was a product of fraud. McDermand states in his affidavit that the rental agreement was signed after the parties had already agreed upon terms for the equipment rental but he does not contend that the inclusion of the forum selection clause was the product of fraud or coercion. See Docket No. 17. Rather than claiming the forum selection clause itself was a product of fraud, Graham Construction argues that the forum selection clause is unenforceable because it was not negotiated between the parties and that enforcement of the forum selection clause would be unreasonable. The Court finds, as a matter of law, that the forum selection clause in the rental agreement is enforceable and should not be set aside due to fraud or coercion.

The rental agreement contains a mandatory forum selection clause which states that any legal proceedings "shall be instituted and maintained in St. Louis County, Missouri." See Docket No. 10-3 (emphasis added); Rainforest Café, 340 F.3d at 546 (finding that the term "shall" made the forum selection clause mandatory). "The fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable." M.B. Rests., 183 F.3d at 753 (citing Carnival Cruise Lines, 499 U.S. at 593). Graham Construction has not alleged that the Missouri court is biased or incompetent and "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." Id. "Instead, a party seeking to avoid his promise must demonstrate that proceeding in 'the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786 (8th Cir. 2006) (quoting Dominium Austin Partners., LLC v. Emerson, 248 F.3d 720, 727 (8th Cir. 2001)). Graham Construction's allegations are insufficient to overcome the presumption of validity of the forum selection clause. The Court finds, as a matter of law, that the forum selection clause in the rental agreement is enforceable.

Graham Construction argues that if the Court finds the forum selection clause enforceable, the action should not be dismissed but instead transferred to the United States District Court for the Eastern District of Missouri. Hammer & Steel contends that the forum selection clause makes no reference to federal court venue and that Graham Construction's complaint should be dismissed because the proper venue is in state court in St. Louis County, Missouri.

Generally, courts interpret provisions similar to that at issue here as allowing litigation in federal court. See Alliance Health Group, LLC v. Bridging Health Options, LLC, 553 F.3d 397, 401

7

(5th Cir. 2008) (finding that a forum selection clause that provides for venue in a specific county "permits venue in either federal or state court, because a federal courthouse is located in that county"); Global Satellite Commc'n Co. v. Starmill U.K., Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (finding that a contract provision specifying "Venue shall be in Broward County" permitted filing in either state or federal court in that county); Jumara v. State Farm Ins. Co., 55 F.3d 873, 875 (3d Cir. 1995) (finding that the district court committed error by interpreting a forum selection clause requiring venue in Luzerne County, Pennsylvania to disallow venue in federal court located in that county, stating "[t]he district court should instead have invoked 28 U.S.C. § 1404(a)."); Universal Grading Serv. v. eBay, Inc., No. 08-CV-3557, 2009 WL 2029796, at * 11 (E.D.N.Y. June 10, 2009) (finding that a forum selection clause stating that "any Claim may be adjudicated by a court of competent jurisdiction located in Santa Clara County, California or where the defendant is located" permitted suit being filed in either state or federal court); Hodnett v. Heartland Res., Inc., Civ. No. 07-2092, 2007 WL 3500053, at * 4 n.5 (W.D. Ark. Nov. 14, 2007) (finding that a forum selection clause providing that "venue and jurisdiction for all matters in dispute shall also be in Warren County, Commonwealth of Kentucky" permitted litigation in federal court); Viron Int'l Corp. v. David Boland, Inc., No. 5:01-CV-42, 2002 WL 31990366, at * 5 n.6 (W.D. Mich. Mar. 4, 2002) (finding a forum selection clause that required venue in "a court in Orange or Brevard County, Florida" to include federal courts in those counties); Aarons v. Worldtel Servs., Inc., No. 95 Civ. 8415, 1996 WL 185714, at * 1-2 (S.D.N.Y. Apr. 17, 1996) (interpreting a forum selection clause that provided for adjudication only in "a court in Orange County, State of California" as permitting litigation in federal court); but see Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318 (10th

Cir. 1997) (finding that a forum selection clause providing that "venue shall lie in the County of El Paso" required filing in state court, even though a federal court was located in that county).

It is well-established that, in the interests of justice, a district court may transfer any civil action to any other district where it might have been brought. 28 U.S.C. § 1404(a). A forum selection clause is a significant factor to be considered when weighing the propriety of a transfer. While the forum selection clause is mandatory in that St. Louis County, Missouri is the correct forum, the provision does not exclusively mandate federal or state court jurisdiction. The United States District Court for the Eastern District of Missouri is located in St. Louis County, Missouri. The Court finds that the forum selection clause permits litigation in federal court and, in the interests of justice, the action should be transferred to the United States District Court for the Eastern District of Missouri.

## IV. CONCLUSION

The Court **DENIES** Graham Construction's motion for oral argument (Docket No. 32). The Court finds that the forum selection clause contained in the rental agreement between the parties is valid and enforceable and it permits litigation in federal court in St. Louis County, Missouri. Hammer & Steel's motion to dismiss (Docket No. 10) is **DENIED**. The Court **ORDERS** the Clerk of Court to transfer this case to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court